# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11089
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER A. FAULKNER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-MJ-407-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Christopher A. Faulkner appeals the district court's denial of his motion to revoke his pretrial detention order. The district court determined that Faulkner's case involves a serious risk of flight and that no condition or combination of conditions would reasonably assure his appearance if he is released. 18 U.S.C. §§ 3142(e)-(g), 3145(b).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11089

In the absence of an error of law, this court must uphold a district court's pretrial detention order if it is supported by the proceedings below, a deferential standard that is equivalent to the abuse-of-discretion standard. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). The same standard governs review of the denial of a § 3145(b) motion to revoke a detention order. *Id.* In conducting this review, the court considers whether "the evidence as a whole supports the conclusions of the proceedings" in the district court. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

Faulkner asserts that the evidence does not support a conclusion that he is likely to flee pending his federal criminal proceedings. However, the district court found that Faulkner's history and personal characteristics weighed strongly in favor of detention, given his significant family ties outside the United States and few permanent ties within the country, the amassing of assets abroad by Faulkner and his mother, and his arrest immediately before boarding an international flight. In addition, the court noted that Faulkner has a history of attempting to thwart federal court orders by tampering with evidence and concealing assets. In light of the statutory factors, *see* § 3142(g), "the evidence as a whole supports the conclusions of the proceedings." *Rueben*, 974 F.2d at 586. Accordingly, the district court's order of detention is AFFIRMED.